UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACE WILLIAMS,

        Petitioner,

        -v-

JOSEPH SMITH, Superintendent Shawangunk
Correctional Facility,

        Respondent.

**DECISION AND ORDER**
11-CV-0355M

---

    Petitioner, Jace Williams, who was convicted in Supreme Court, Erie County, State of New York, upon a plea of guilty, of attempted sodomy in the first degrea (N.Y. Penal L., § 110/130.50(1)) and sentenced to 15 years imprisonment and five years post-release supervision, filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following initial review of the petition, see Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, petitioner was directed to file information regarding why the petition was not untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas petitions. The limitations period is counted from --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

Petitioner filed his response as directed. (Docket No. 8.)[1] The Court has examined the responses and finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244. Specifically, and as noted in the Court's initial Order (Docket No. 3), petitioner's judgment became final and his time expired to seek direct review of his conviction on August 2, 2008, when petitioner did not seek leave to appeal to the New York Court of Appeals from the Appellate Division, Fourth Department's affirmance of his conviction on direct appeal. See

---

[1] Initially, the Court had mistakenly forwarded petitioner, along with the initial Order, a Section 2254 Exhaustion Response Form rather than a Section 2254 Timeliness Response Form. Upon petitioner's return of the Section 2254 Exhaustion Form with exhibits (Docket No. 4), the Court noted the mistake and directed the Clerk of the Court to forward petitioner the correct Section 2254 Timeliness Response Form, which petitioner completed and returned to the Court in a timely fashion. (Docket No. 8.) The Court considers both responses herein.

*Timmons v. Lee*, 2010 WI 3724772, at *2 (E.D.N.Y., September 17, 2010) (Petitioner had 30 days from the date his conviction was affirmed by the Appellate Division to seek leave to appeal from the New York Court of Appeals but since he did not seek leave to appeal his conviction became final at the conclusion of that 30 day period (citing *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005)). Petitioner did not file this habeas corpus petition until April 25, 2011, well over two years after his conviction became final. (Docket No. 3, Order, at 2.)

Petitioner's responses do not provide information which would permit the Court to extend the limitations period beyond the one year. While petitioner does indicate that he filed a separate state court collateral attack on his conviction, pursuant to N.Y.C.P.L.R., § 440.10 ("440.10 Motion"), the collateral attack was not filed until April 2010 (Docket No. 1, Petition, ¶ 15; Docket No. 8, Response, ¶ ¶ 2, 5), which was after the one year period (August 2, 2009) for filing a timely petition in this Court.² Petitioner is therefore not entitled to the statutory tolling period provided in 28 U.S.C. § 2244(d)(2). *See Smith v. McGinnis*, 208 F.3d 13,

---

²The 440.10 Motion was denied on or about August 26, 2010 (Docket No. 8, Response, ¶ 6; Docket No. 4, Response, Exh. 4), and petitioner's application for leave to appeal to the Appellate Division, Fourth Department, was denied on or about January 6, 2011 (Docket No. 8, Response, ¶ 7; Docket No. 4, Response, Exh. A.) Petitioner also filed a motion with the New York Court of Appeals seeking leave to appeal from the denial of his motion for leave to appeal to the Appellate Division from the denial of the 440.10 Motion. (Docket No. 8, ¶ 8; Docket No. 4, Exh. B.) That motion was denied by an Associate Judge of the New York Court of Appeals on the basis that the Order sought to be appealed from--the Order of the Appellate Division denying leave to appeal from the order denying the 440.10 Motion--was not appealable under N.Y.Crim.Proc.L., § 450.90(1). (Docket No. 8, Response, ¶ 8; Docket No. 4, Response, Exh. B.)

17 (2d Cir. 2000) (per curiam) (AEDPA's tolling provision does not reset date from which the limitations period begins to run).

Petitioner claims that at no time after the Appellate Division affirmed his conviction on July 3, 2008, did his appellate counsel advise him whether he had any "intentions" to seek leave to appeal to the New York Court of Appeals and, in fact, his appellate counsel did not seek leave to appeal. (Docket No. 8, Response, ¶ 4.) Petitioner also claims that the State (respondent in the state court appeal process) did not serve upon him nor his appellate counsel a Notice of Entry of the Appellate Division's Memorandum affirming the conviction. (*Id.*) Petitioner claims that N.Y.C.P.L.R. § 5513(a), as amended, and § 5524(a), require such notice to him, and because he never received Notice of Entry his time to seek leave to appeal to the New York Court of Appeals has never started to run.

If the Court understands petitioner's argument correctly, he is claiming that, because he did not receive Notice of Entry of the Appellate Division's Memorandum affirming his conviction, his time to seek leave to appeal to the New York Court of Appeals has not yet begun to run and has thus not yet expired. Therefore, petitioner's conviction for purposes of 28 U.S.C. §

2244(d)(1)(A) is not yet final and his petition was filed timely. N.Y.C.P.L.R. § 513(b)³ provides in relevant part:

> The time within which a motion for permission to appeal must be made shall be computed from the date of service by a party upon the party seeking permission of a copy of the judgment or order to be appealed from and written notice of its entry . . . .

What petitioner fails to take into account however is that he was represented by counsel on the appeal. While petitioner claims that neither he nor his counsel received notice of entry from the State he provides no support for that statement.

"The time period in which to file an application for a late appeal does not delay the start of the statute of limitations, but merely tolls the running of an unexpired one-year time period." *McDermott v. Rock*, 2008 WL 346371, at *2 (N.D.N.Y. Feb. 6, 2008) (citations omitted); *see also Searcy v. Carter*, 246 F.3d 515 (6th Cir.2001) (the time period for filing an application for permission to file a late appeal does not delay the start of the statute of limitations). "[T]he filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitaion period" if the period has already expired. *McDermott*, 2008 WL 346371, at *2 (quoting *Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir. 2002)); *see also Miller v. Jeffreys*, 2006 WL 3469638, at *5 (N.D.Ohio Nov.30, 2006) ("Although filing a motion for a delayed appeal may toll

---

³While petitioner cites to § 5513*(a)* and not 5513*(b)*, it appears that subparagraph (b) is the operative subparagraph since subparagraph (a) speaks to the time to appeal "as of right", whereas subparagraph (b) speaks to the time to move "for permission to appeal", which is the situation at issue.

the running of a pending, unexpired one-year limitations period, it will not 'revive' the statute, or cause it to begin running anew.").

Accordingly, petitioner's purported claim that his time to seek leave to appeal from the affirmance of his conviction is still running and thus, for purposes of § 2244(d)(1)(A), his conviction is not final is without merit.

Another way to construe petitioner's responses are that his counsel failed to consult with him about his intentions to file a motion seeking leave to appeal to the New York Court of Appeals. Construed as broadly as possible, see Triestman v. Fed. Bur.of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (court should liberally construe pro se pleadings to "raise the strongest arguments that they suggest[,]") (citation, internal quotation marks and emphasis omitted), this claim may be construed as a claim for equitable tolling of the statute of limitations on the basis of ineffective assistance of counsel--*i.e.*, counsel's failure to advise or consult with him regarding whether he would file a motion seeking leave to appeal. However, even if construed in this manner, petitioner is not entitled to equitable tolling on this basis.

"In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. . . . In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll". Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000); see also Johnson v.

*Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (noting that the Second Circuit has applied equitable tolling doctrine "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights.") (internal quotation marks and citation omitted).

While "an attorney's conduct, if it is sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling to the one-year limitations period of AEDPA", *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir .2003), attorney error, mistake or negligence is not sufficient to equitably toll the statute of limitations, *e.g.*, *Smaldone v. Senkowski*, 273 F.3d 133 (2d Cir. 2001); *Geraci v. Senkowki*, 211 F.3d 6,9 (2d Cir. 2000); *Dumas v. Dzumnda*, 2007 WL 1297144 (D.Conn. May 1, 2007); *Ford v. Brunelle*, 2005 WL 3115868, at *2 (W.D.N.Y. Nov. 22, 2005); *Atkinson v. US*, 2005 WL 3555946, at *3-4 (N.D.N.Y. Dec. 28, 2005). Assuming petitioner's claim is that his attorney did not advise or consult with him regarding whether to file a motion for leave to appeal to the New York Court of Appeals this is not egregious attorney conduct sufficient to warrant equitable tolling.

Moreover, petitioner waited from July 3, 2008 (the date of affirmance of his conviction) to April 2010 to file the 440.10 Motion seeking to vacate his conviction on the grounds that based on his mental and physical limitations he did not knowingly and voluntarily plead guilty, and that his attorney failed to investigate his mental competency and to inform the trial court of his mental and physical

7

condition at the time of the crime and before plea and sentencing. (Docket No. 4, Exh. 4, Petitoner's 440.10 Motion, and Memorandum and Order (Burns, J.S.C.) denying Motion.) This almost two year delay in seeking collateral relief on a basis that does not include appellate counsel's attorney failure to seek leave to appeal or consult with him about his intentions to seek leave to appeal, cannot be considered "reasonable diligence," Smith, 208 F.3d at 17, necessary to consider tolling the statute of limitations on an equitable basis. See United, States v. Williams, 2007 WL 1701790, at *3 (D. Conn. June 8, 2007) (it was not reasonably diligent for a 28 U.S.C. § 2255 habeas petitioner to wait more than sixty months to argue that his counsel failed to file an appeal); Plowden v. Romine, 78 F.Supp.2d 115, 119 (E.D.N.Y.1999) (denying equitable tolling under § 2244(d)(1) because petitioner's seventeen month delay in checking on status of state appeal demonstrated a lack of diligence).[4]

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of

---

[4]Petitioner's response also includes a copy of a determination of the Veterans Administration awarding petitioner benefits on the basis of his service connected disabilities and various medical reports, but neither the determination nor reports appear to be submitted by petitioner as a basis for equitable tolling--or at least they are not argued as such--but are presented, like an earlier letter submitted by petitioner outlining his psychological condition (Docket No. 5), as evidence in support of his claims in the 440.10 Motion and the instant petition that his plea was not knowing and voluntary and trial counsel was ineffective for not presenting evidence relating to his psychological condition. (Docket No. 1, Petition, ¶ 22A-B.)

reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Oct. 19, 2012